## Maulfair's Appeal.

1. A settlement by a guardian with his ward during her minority will not relieve him from his obligation to file an account, if the same is demanded within a reasonable time, although the ward may have represented herself to be of full age at the time of settlement.

2. But a court of equity will not compel a guardian to file an account after a delay of nineteen years after such a settlement, when the parties during all that time have been living in the same neighborhood and no sufficient cause for the delay has been shown.

3. The Act of June 16th, 1836 (P. L. 683), which authorizes the Supreme Court in all cases of appeals from the Orphans' Court "to decree according to the justice and equity thereof," may properly be applied in such case.

June 3d, 1885.   Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.  PAXSON, J., absent.

APPEAL from the Orphans' Court of *Dauphin county:* Of May Term 1885, No. 22.

This was a petition to the said court by Eliza A. Maulfair and Christian S. Maulfair, her husband, praying that a citation be awarded against David M. Rank, guardian of said Eliza A. Maulfair, to file his account.

The petition averred that David M. Rank was appointed guardian of the said Eliza; that he received in her right a considerable sum of money; that she has attained the age of twenty-one years, and that the said guardian has not filed his account of his said trust in the register's office of Dauphin county; that he still has a considerable sum of money in his possession coming to his said ward, which he refuses to pay over to her, and prays for a citation commanding said guardian to file his account of said trust on or before the first day of next term.

A citation was awarded, and Rank filed an answer in which he admitted that he was appointed guardian of the estate of the said Eliza in 1858, but averred that he ought not to be required to file his account, for the reason that he made a settlement with the said Eliza, his ward, when she became of age, and took her receipt and release joined by her husband, which was duly acknowledged by them; that thereby she, joined with her husband, acknowledged that they received on the twentieth day of March, A. D. 1865, the sum of $1,773.20 from the said guardian in full satisfaction and payment of her and their full share of the real and personal estate of her said father, John M. Rank, deceased, and therein released and discharged him of and from his said guardianship, and prayed to be dismissed with his reasonable costs.

To this answer petitioners replied that the said Eliza was a minor when the money was paid over and the release executed and delivered, viz.: on March 20th, 1865; that both petitioners were at that time without business experience and placed implicit confidence in Rank; that nineteen years later it was discovered that a full payment had not been made to the ward; that petitioners do not seek to recover a second time money that was actually paid, although the said Eliza was a minor at that time, but claim that Eliza is entitled to an account so that she may recover from her guardian the balance that may justly be coming to her after the same has been properly adjusted.

The court, McPHERSON, J., dismissed the petition for the reason that the delay had been so great as to bar their right to an account.

Petitioners thereupon took this appeal, assigning for error this action of the court.

*J. M. Funck* (*Josiah Funck* with him), for appellants.—The release having been executed while the ward was an infant, is absolutely void, and it can make no difference under what circumstances it was done : Knox *v.* Flack, 10 Har., 337 ; Schrader *v.* Decker, 9 Barr, 14 ; Caldwell *v.* Walters, 6 Har., 79. It seems to us, therefore, that the case should be regarded in the same light as if no settlement had been made and release executed. Then nothing short of the presumption of payment would preclude the ward from having an account. In the case of a legacy that is twenty years : Appeal of Bentely's Exrs., 3 Out., 500. And as the guardian's liability arises out of a trust, and is founded also on his bond, the presumption of payment only should defeat this proceeding. That had not arisen when these proceedings were commenced.

The account of the settlement between the parties shows improper charges claimed by the guardian. Taking the account which the guardian furnished the ward as containing all the items which enter into the settlement (and that is not disputed by either party), a proper decree can be made by this court, doing justice to the ward, and with the certainty of not doing injustice to the guardian. This has been done in other cases : Lukens's Appeal, 7 W. & S., 48.

Gress's Appeal, 14 Pa. St. Rept., 463, and Simpson's Estate, 1 Phila. Rept., 300, relied upon by the court below as ruling this case, are wholly unlike it.

*John H. Weiss* and *Lyman D. Gilbert*, for appellee.—The attempt by the appellants to obtain money under the facts " presents a case of such unwarrantable negligence to call for a settlement, and that, too, without a single reason given for the delay that a court of equity will not lend its aid to enforce so doubtful a claim. No reason whatever has been given to explain the delay, and the fact of the appellant's living in the same neighborhood, and knowing his rights, but for nearly twenty years neglecting to enforce them, takes from the case every ground upon which the aid of a court of equity could be invoked : " Simpson's Estate, 1 Phila. R., 301 ; Gress' Appeal, 2 Har., 468 ; Bones' Appeal, 3 Casey, 492.

Chief Justice MERCUR delivered the opinion of the court, October 5th, 1885.

The fact that the guardian settled with his ward during her minority, although she represented herself to be of full age, would not relieve him from his obligation to file an account if the same had been demanded within a reasonable time thereafter. In the present case the settlement was made in March, 1865. She and her husband united in a release to the guardian

under seal and duly acknowledged. It averred that she had attained the age of twenty-one years. The guardian's itemized account was in her hands. In fact she did not become twenty-one until some three months thereafter. This citation was awarded in June, 1884, being nineteen years after she became of full age. During all this time the parties were living within a few miles of each other. The guardian now testifies that the books containing the account of his guardianship have been lost, and that he cannot now file an intelligent account. No sufficient cause is shown for this great delay of the ward in asking that one be filed. The neglect is so great as to bar her right to now demand an account: Gress' Appeal, 2 Harris, 463; Bones' Appeal, 3 Casey, 492. The case is a proper one to apply the second section of the Act of 16th June, 1836, P. L., 683, which authorizes us in all cases of appeals from the Orphans' Court " to decree according to the justice and equity thereof."

Under all the facts of this case justice and equity forbid that the appellee shall now be compelled to file an account.

Decree affirmed and appeal dismissed at the costs of the appellants.