## Henry's Estate.

*Executors and administrators—Filing account.*

The administrator of a deceased administratrix will not be required to file an account of the estate of the intestate of the administratrix after the lapse of nineteen years from the death of such intestate, where it appears that the administrator is without information by which such an account could be stated.

Argued Jan. 7, 1901. Appeal, No. 92, Jan. T., 1900, by John D. McMullin, administrator de bonis non, from decree of O. C. Phila. Co., July T., 1881, No. 83, dismissing petition

for a citation in the estate of James Henry, deceased. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition for citation.

From the record it appeared that James Henry died at Philadelphia, December 15, 1880, intestate, leaving a widow and brothers, the latter living in Ireland. On December 24, 1880, letters of administration were granted to the widow, Jane Henry, by the register of wills of Philadelphia county. The administratrix filed an inventory charging herself with $10,625, but never filed an account or made any settlement. The administratrix died in Delaware county, March 26, 1899, intestate, and on April 18, 1899, letters of administration on her estate were granted to the respondent, the Land, Title and Trust Company. On April 28, 1899, letters of administration de bonis non, on the estate of James Henry, deceased, were granted to the petitioner, John D. McMullin, and on June 3, 1900, he presented a petition praying for a citation on the Land, Title and Trust Company as administrator of deceased administratrix, to show cause why it should not file an account of her administration of the estate of James Henry. The respondent filed an answer averring that it had not sufficient data to file an account, but admitting that it had found among the papers of the deceased administratrix an account book, containing entries in relation to the estate, some bills and receipts, and some securities standing in the name of James Henry. The case was submitted on the petition and answer. The court below dismissed the petition, PENROSE, J., filing the following opinion:

It is perfectly well settled that an administrator or executor may in the absence of creditors of decedent be relieved by the parties in interest from the duty of filing an account; and this may be either by express agreement or by implication arising from long continued acquiescence. Ordinarily after such acquiescence, in the absence of special circumstances, disability, etc., an account will not be ordered, even though less than twenty years may have elapsed since the death of the decedent —especially if the executor or administrator is one who has a personal interest in the estate, and the circumstances are such as suggest a family settlement, which the law always regards

with favor. See Hess v. Frankenfield, 10 Outerbridge, 440, 444.

Here the decedent died in December, 1880, and the application for an account has been delayed until June, 1899, the administratrix, who was the widow, having died in March, 1899. It is asked that her administrator be required to file an account as administratrix of her husband's estate, the administrator, as the answer shows being without information by which it can be done. The decedent died without issue, and the petitioner is acting in the interest of brothers and sisters living in Ireland.

In Gress's App., 2 Harris, 463, an account was refused after a lapse of eighteen years, not because of either presumption of payment or settlement, but because, as said by the court, " it resulted altogether from the unwarrantable negligence of the party to call for an account without offering any sufficient reason accounting for the delay." See also Maulfair's App., 14 Outerbridge, 402, and St. Vincent's Orphan Asylum's App., 5 Amerman, 157, etc. The case here is made much stronger by reason of the death of the person whose liability to account is now asserted. If, as alleged, securities in the name of the husband are found among those of the wife, it may be necessary to make title through the agency of the administrator d. b. n. of the husband's estate. Should that necessity arise, questions of present ownership can then be determined.

The petition is dismissed without prejudice.

*Error assigned* was the decree of the court.

*Clifton Maloney*, for appellant.—Under the facts of this particular case, there can be no reasonable doubt that if an account is refused, the result would be to enable the administratrix, or her representatives, to profit by her neglect, or worse than neglect, of her clear legal duty, and to appropriate assets of the estate which it is admitted came into her possession : Young v. Schelly, 21 Atl. Repr. 1049; Foulk v. Brown, 2 Watts, 209; Hubley's App., 19 Pa. 138; Hess v. Frankenfield, 106 Pa. 440; Gress's App., 14 Pa. 463; Maulfair's App., 110 Pa. 402; App. of the Fidelity Ins., Trust & Safe Deposit Co., 115 Pa. 176.

*Robert B. Fletcher*, for appellee, was not heard, but cited in

his printed brief: Lukens's App., 7 W. & S. 48; Maulfair's App., 110 Pa. 402; Piatt v. Vattier, 9 Peters, 416; McKnight v. Taylor, 1 Howard, 161; Hughes v. Hughes, 54 Pa. 240; Briggs's App., 93 Pa. 485; Hess v. Frankenfield, 106 Pa. 440.

PER CURIAM, February 18, 1901:

The dismissal of the plaintiff's petition was warranted by the reasons stated and the cases cited in the opinion of Judge PENROSE. It will be noticed that the dismissal was without prejudice. As we have discovered no error in the dismissal of the petition we affirm the decree on the opinion above referred to.

Decree dismissing petition affirmed.