## Cannon's Estate.

Argued April 19, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Marshall G. Jones,* with him *Thomas P. Duffy* and *J. Donald Ryan,* for appellant.

514

*John H. Price,* with him *Cole B. Price,* for appellee.

PER CURIAM, May 9, 1938:

Edward E. Cannon died in 1883 and by his will his widow was made executrix of his estate. She had the "disposal" of all of his property, and after her death whatever remained of the real estate or personal property in her possession was to be equally divided between his two daughters. One of the daughters married, but died in 1889, leaving her husband, the appellant, and a daughter surviving. The widow, as executrix, never filed an account and appellant, as administrator of his wife's estate, petitioned for a citation against his mother-in-law for an accounting of the Cannon estate.

The court below refused to grant the citation because the widow had been given the power to consume all the assets and no property was established as belonging to the estate. The evidence of appellant, the son-in-law, was very meagre. Appellant waited 48 years after the death of his wife to secure an accounting of her father's estate. He then asked for one because, he averred, his daughter Emma's rights were involved. We need not determine at this time whether the executrix had the right to consume the property under the peculiar language of the will. This claim for an accounting is effectively barred by the doctrine of laches. Proceedings in the orphans' court are equitable in character. See *McGovern's Estate,* 322 Pa. 379, 381. And laches may be asserted as a bar to the right to force the personal representative to account: *Wallace's Estate,* 299 Pa. 333, 339; and see *Seibert's Appeal,* 2 W. N. C. 53; *Phillips's Appeal,* 10 Sadler 249; *Maulfair's Appeal,* 110 Pa. 402; *McGrann v. Allen et al.,* 291 Pa. 574.

Here 54 years had elapsed from the death of the testator to the petition for an accounting. While a mere lapse of time may not be sufficient to bar an action, the evidence of the existence of property is now so slight, and direct proof of other surrounding circumstances

showing family settlement is now so difficult, that there are sufficient grounds to hold laches is present. A family settlement may be presumed on the failure to account, acquiesced in over a long period of time. Family settlements are preferred by the law: *Braunschweiger's Estate,* 322 Pa. 394, 397. And when such settlements exist or are presumed to exist, an accounting is unnecessary. In *Henry's Estate,* 198 Pa. 382, at 383, Judge PENROSE said that: ". . . an administrator or executor may in the absence of creditors of decedent be relieved by the parties in interest from the duty of filing an account; and this may be either by express agreement or by implication arising from long continued acquiescence. Ordinarily after such acquiescence, in the absence of special circumstances, disability, etc., an account will not be ordered, even though less than twenty years may have elapsed since the death of the decedent— especially if the executor or administrator is one who has a personal interest in the estate, and the circumstances are such as suggest a family settlement, which the law always regards with favor." See also *Hess v. Frankenfield,* 106 Pa. 440, 444; *Patterson's Appeal,* 116 Pa. 8.

Decree affirmed at appellant's cost.