## Darrah's Estate

*George F. Lowenthal,* for petitioner.
*Allen Grant,* for respondent.

LADNER, J., May 19, 1939.—Decedent died in 1913, and two persons, Shaffer and Dooley, were appointed administrators. No inventory or account has ever been filed. Shaffer died in 1936. This is a citation directed to the executor of Shaffer's will and to Dooley to show cause why an inventory and account should not be filed. Petitioner is a daughter of the decedent and entitled to a share of his estate. She came of age in 1917. Petitioner alleges inquiries with regard to the estate beginning in 1923 directed to Chester N. Farr, Jr., attorney for the administrators "without obtaining any satisfactory result"; also that she made personal demands upon the two administrators and that Shaffer promised "that the estate would be settled." She says that when inquiries were made of Dooley he usually referred them to Shaffer. Mr. Farr died in 1935, and petitioner alleges demands thereafter upon Shaffer down to the time of his death. A preliminary objection has been filed on the ground of laches.

Section 46(a) of the Fiduciaries Act of June 7, 1917, P. L. 447, makes it the duty of every executor and administrator to file in the register's office a just account of the administration of the estate and gives the right to parties in interest to compel the performance of this duty. However, this right may be lost where application is unreasonably delayed and circumstances have intervened which would make an accounting difficult to render, or inequitable; Cannon's Estate, 330 Pa. 513, where petitioner delayed 48 years and the accountant was decedent's widow who had a life estate with power to consume; Henry's Estate, 198 Pa. 382, where no petition was filed until 19 years after decedent's death, the administratrix (also the widow) having meanwhile died and her administrator filed an answer averring it had not sufficient data to file an account.

Here (in the instant case) neither the surviving administrator nor the executor of the one deceased files answer setting forth the circumstances which might render it

inequitable to compel an accounting at this late date. Instead, they rely on "preliminary objections" asserting that the delay of more than 25 years, appearing on the face of the petition, bars relief. They refer to the line of cases of which First National Bank, Exec., et al. v. Lytle Coal Co. et al., 332 Pa. 394, and Bangert v. Provident Trust Co., Exec., et al., 314 Pa. 442, are examples, holding in effect that, where a bill in equity fails to plead satisfactory reasons excusing the delay, the bill may be dismissed upon preliminary objections. Such cases are essentially different from the one before us for defendants there were not fiduciaries with a statutory duty to account for assets committed to them by law for distribution. Cannon's Estate, supra, indicates that mere lapse of time is *alone* not sufficient bar to an accounting; there must be something more, such as circumstances from which a distribution long acquiesced in may be inferred, or a family settlement implied or some intervening equity. A fiduciary should at least be required to inform the court what became of the funds, if any, committed by law to his care. For aught that appears in the present pleadings, the surviving fiduciary may still have the funds in his possession. Failure to perform his duty under such circumstances could hardly vest in him title thereto: Bear's Estate, 9 Pa. Superior Ct. 492.

We do not mean to say that it necessarily follows the petitioner has a right to an accounting in this case. All that we say is that we cannot satisfactorily pass on that question at this stage of the record. The statutory duty of a living fiduciary to account imposes on him the burden of disclosing what has become of the estate and this he should do by answer to the merits.

The preliminary objections are dismissed with leave to respondents to file answers on the merits.