## Harbison Estate.

Argued September 28, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

Adolph L. Zeman, with him Robert L. Zeman, Sidney Hoffman and Zeman & Zeman, for residuary legatees, appellants.

Lloyd O. Hart, with him George B. Berger and J. M. McCandless, for creditor, appellee.

OPINION BY MR. JUSTICE LADNER, November 13, 1950:

This is an appeal from the decree of the Orphans' Court of Washington County granting a review of an adjudication of the estate of Samuel Adam Harbison and allowing a claim not presented at the audit. The salient facts are as follows:

Samuel Adam Harbison died September 5, 1946, leaving a will by which he named Georgie Stewart and Ora Cannon Miller, his executrices and sole residuary legatees. Mrs. Miller had been decedent's housekeeper and is the mother of Mrs. Stewart. They filed their account which showed a balance for distribution of $122,446.28. The account was called for audit before the late Judge WRENSHALL on September 9, 1947, at which time Mr. Knox, then attorney for the estate, requested that the sum of $30,000 be reserved in distribution to meet the unpaid federal estate tax and possible further income tax liability. Judge WRENSHALL became ill soon after the audit, unable to attend to his duties, and died

on November 10, 1947. After his death, Judge BOYLE, of the Allegheny County Orphans' Court, was authorized by this Court to sit specially in the Orphans' Court of Washington County until the vacancy was filled. On November 27, 1947, Judge BOYLE filed a decree of distribution in this estate and after making a reservation of $50,000.00 for future accounting, directed distribution of the balance of the estate. No exceptions were filed nor was any appeal taken therefrom.

On July 22, 1948, a petition was presented to the court below asking for a citation on accountants to show cause why they should not account for the $50,-000.00 reawarded to them in the decree of distribution for future accounting. The petition was filed by the Brookline Savings and Trust Company which averred in its petition that it was a creditor of decedent by reason of being the holder of a judgment note of $7,000 dated May 1, 1946, signed by the P. & K. Woodcrafting Company, Louis C. Polk and William H. Kotar, and the decedent. That prior to date of decree of distribution notice of the claim was given by counsel for the bank to Mr. Knox as counsel for the estate, but neither counsel called the attention of the Orphans' Court or the judge presiding in that court, to the fact that the payment of this claim was being discussed and consequently decree of distribution was made as above indicated. To this petition an answer was filed denying the right of the bank to be heard or to have a further account filed because it had not presented its claim at the audit of the first account and for the reason that the fund reserved was for the special purpose of payment of taxes only and subject to the payment of such claims, had been distributed. The creditor thereupon filed a second petition praying for a citation to show cause why the decree of distribution should not be opened and reviewed so that the bank might be heard

on the merits of its claim. To this petition the account-ants filed an answer denying that the bank was a party in interest because it had failed to give written notice of its claim within six months period required by stat-ute, denied the genuineness of the note upon which the claim was based, alleged all funds had been distributed, and denied the court's authority either to require the filing of an account for the $50,000 reawarded to them by the distribution decree, or to open and review such decree of distribution.

The court below took testimony on both citations and by agreement of counsel consolidated the same into one record.

On January 28, 1950, the court below, through ANDERSON, J., dismissed the first petition which prayed an accounting of the $50,000 on the theory that all as-sets had been accounted for in the first account, and the reaward of $50,000 was for protection of the ac-countants only against the federal estate taxes and income taxes, and for no other purpose, and therefore the court could not legally require a second accounting.

As to the second petition (asking a review, etc.), the court found from the testimony produced includ-ing that of the original counsel, that the bank's coun-sel had made known its claim to counsel for the es-tate on October 1, 1947, and from that date to the date of decree of distribution through his conversations with counsel for the estate was assured that no decree of dis-tribution would be made until the claimant was paid or a hearing had on the merits of the claim. The court then held that regardless of the fact that the bank had not given notice of its claim in the manner required by statute prior to the audit, that that did not forfeit its right to recover if the claim had been presented at audit or before final decree, where the estate had ade-quate undistributed funds to pay the claim and the

delay, save possibly for the item of interest, would impose no additional burden on or work any injustice to the estate. The court then exercised its discretion and granted the relief prayed for, opened the decree of distribution but limited the funds from which the payment of such claims could be made if a proper claim, to such portion of the $50,000 reserved as not required to pay the tax claims.

On the merits of the bank's claim the issue reduced to its simplest terms became one of whether or not the signature affixed to the note was that of the decedent. There was a conflict of evidence on this issue but the court below found as a fact that it was the signature of the decedent, and allowed the claim, and on June 2, 1950, amended the original adjudication and the decree or schedule of distribution accordingly. From that action of the court this appeal was taken.

The first question pressed on us at the argument was whether the court below erred in granting the petition for review and entertaining the claim. We think not. If any error was committed by the learned judge below it was in dismissing the petition citing the executrices to file an account of the $50,000 awarded to them "for future accounting." Of course it would have been possible for Judge BOYLE (specially presiding) to have directed that after the payment of the taxes the overplus if any should be paid to the distributees entitled, but he did not do so. His award reads: "Ora Miller and Georgie Mary Miller Stewart, *Executrices,* reaward for *future accounting* $50,000." (emphasis supplied) In this that experienced and capable Judge followed the customary and proper practice where reservation is asked for purposes such as here to award a greater sum than that believed to be required so as to protect against eventualities and to award that sum back to the accountants "for future accounting." That phrase when employed means just what it says, and by its

terms the accountants are obliged to render a second accounting of the fund when called upon by a proper party in interest. A dilatory creditor who failed to give notice or neglected to present his claim at the first audit, while he may be barred as against assets distributed: *Ray's Estate,* 345 Pa. 210, 25 A. 2d 803 (1942) ; *Doster Estate,* 346 Pa. 455, 31 A. 2d 142 (1943) is not barred thereby from presenting his claim as to any assets not accounted for or which may have been awarded back to the accountants for future accounting. He is only barred against assets which have been distributed, and an award back to the accountant for future accounting is not distribution unless made so by the terms of the court's award.

However, the learned judge below reached the same result by exercising his discretion to grant a review limiting the recovery as he did to the overplus remaining after the taxes were paid. The point is, however, that if the appellee has the right to pursue the undistributed assets by reason of the award back to the executrices for future accounting, by compelling such accounting there is no reason to discuss the question whether the court below in granting its review abused or wisely exercised its discretion.

The other question pressed at the argument was whether the court below erred in allowing the claim. The claim was based on a judgment note signed by the decedent and two others. The executrices disputed the genuineness of the signature. This raised a pure issue of fact. There was adequate evidence to support the court's fact-finding that the signature to the note was that of the decedent. This brings the case within the familiar rule that where an auditing judge sees and hears the witnesses, it is for him to determine their credibility and the weight to be given to their testimony because of their character, intelligence and knowledge of the subject, and his findings, like those of a jury, will not

474

be disturbed except for clear error: *Roberts Estate,* 350 Pa. 467, 39 A. 2d 592 (1944). We find no such clear error here.

Decree affirmed at costs of appellants.