Hanna Estate.

Argued September 29, 1954.   Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Thomas L. Wentling,* with him *Robert H. Rial* and *Patterson, Crawford, Arensberg & Dunn,* for appellants.

*John J. Laffey,* with him *John S. Van Kirk,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, November 8, 1954:

The orphans' court, on the ground of laches, dismissed a petition for citation on the administratrix c.t.a. of the estate of a deceased executor to show cause why she should not file an account of the administration by the executor of the estate of his decedent. An appeal has been taken by remaindermen of the trust created under the will.

Mary Hanna, the testatrix, died July 5, 1921. By her will her residuary estate was devised and bequeathed to H. H. Hanna, in trust, to pay the net income to her sister, Martha E. Hanna, for life, and upon her decease to her sister-in-law, Margaret Hanna, for life, and upon her death to testatrix's brother Thomas for life. Upon the death of the survivor of the life tenants, the fiduciary was directed to transfer one-half of named mining stock, or if sold, one-half of the proceeds thereof in cash, to Josie M. Williams, one-fourth to niece, Mary A. Hanna, and the remaining one-fourth to niece, Margaret Hanna. The residue was directed to be paid to lawful descendants of her brother Thomas.

It appears from the record that an inventory was filed in 1922. No account, either as executor or trustee, has ever been filed. On March 30, 1933, T. W. Hanna, a legatee, cited H. H. Hanna, the executor and trustee, to file an account, and on April 27, 1933, the citation was made absolute. The fiduciary respondent died September 13, 1952. On May 27, 1953, a citation was issued against Hazel Peacock Russell, administratrix c.t.a. of the estate of H. H. Hanna, the executor and trustee of testatrix's estate, to show cause why she should not file an account of the administration of the estate by such fiduciary. An answer was filed by the respondent charging laches and averring that "there was a family settlement and by agreement, all the assets of the estate were distributed to the heirs."

A hearing was held by the orphans' court. The petition for citation was dismissed in an opinion by the court.

The reasons assigned by the orphans' court for dismissing the petition, as stated in the opinion, are that by depositions of *two of the heirs* the children of Thomas W. Hanna decided "in 1933 to not press for a final settlement"; that about that time *"some of the heirs"* received named sums of money and a traction bond; that "one of the heirs" received such a bond and "$15.00 a month for five years"; that in *1942* the Secretary of Banking compromised a judgment against the executor of decedent's estate and that the petitioners are guilty of gross laches which bar their rights to an accounting.

Our examination of the record convinces us that the findings and conclusions of the auditing judge are not sufficiently supported. The last successive life tenant died in 1930. The inventory filed in 1922 showed assets of over $18,000. The principal asset, it is alleged, was a one-half interest in a personal bond *given by the executor to decedent.* The assets also included shares of preferred and common stock of a coal company. If, *in 1933,* a family settlement was made and all assets distributed, it is not disclosed with what fund the fiduciary settled a claim against the estate with the Secretary of Banking in 1942. As we read the depositions, it is by no means clear that all parties in interest joined in a family agreement or settlement. By the opinion *"some of the heirs"* received money or assets, but nothing is said about what the others received.

Where the existence of a trust is conceded, as it is here, a beneficiary does not lose his interest by lapse of time, however great: *Schulz Estate,* 374 Pa. 459, 467, 98 A. 2d 176. The case cited by the lower court, and apparently relied upon for its decision, is *Can-*

*non's Estate,* 330 Pa. 513, 199 A. 135. But such case is readily distinguishable. In that case the court below ruled that the widow, named as executrix, had been given power *to consume all the assets.* After fifty-four years a husband of a deceased daughter filed a petition for an accounting. The petition was denied. There were surrounding circumstances of a character which indicated a family settlement and the reason for the absence of assets. Under such situation the remainderman was precluded because of laches.

Our reading of the testimony and interrogatories discloses that no family settlement has been effected. H. H. Hanna, the executor and trustee of testatrix, was an attorney-at-law. Apparently he co-mingled the trust assets with his own estate. He had, at one time, a bank account in his name as trustee; at his death in 1952 he had corporate stock in his possession—still registered in testatrix's name; at no time did he repudiate the trust; on numerous occasions he promised beneficiaries that he would pay them as soon as he was financially able; as late as 1950 he was still making monthly payments as trustee to one beneficiary and in 1951 made payment to another beneficiary; in 1952 he acknowledged existence of the trust to a secretary of the company whose stock he held as trustee.

Under these circumstances the personal representative, Hazel Peacock Russell, of the deceased fiduciary, H. H. Hanna, must file an account of the administration of the estate of Mary Hanna, as administered by H. H. Hanna. At the audit of the account the estate of such fiduciary, H. H. Hanna, should be charged with all assets which are, or should be, in possession of the estate of H. H. Hanna, executor and trustee of the estate of Mary Hanna, deceased. The administratrix c.t.a. of such fiduciary may produce at the audit evidence of payment, if any, disclosing distribution of

Mary Hanna's estate, or the existence of a family settlement by all parties in interest.

The decree of the court below is reversed. Costs to abide the event.