## Hanna Estate.

Argued October 7, 1955. Before Stern, C. J., Stearne, Jones, Musmanno and Arnold, JJ.

*John J. Laffey,* with him *John S. VanKirk,* for appellant.

*Thomas L. Wentling,* with him *Robert H. Rial, James L. Colbert,* and *Patterson, Crawford, Arensberg & Dunn,* for appellees.

Opinion by Mr. Justice Allen M. Stearne, November 14, 1955:

This appeal is from a decree of distribution entered by the Orphans' Court of Westmoreland County in the

estate of a decedent. The administratrix c.t.a. of the deceased executor, Henry H. Hanna, was directed by this Court to file an account of the executor's administration of this estate: *Hanna Estate*, 379 Pa. 136, 108 A. 2d 703.

Appellant's contention is that credit should have been allowed the estate of Henry H. Hanna for his services as executor and attorney for the estate of Mary Hanna, and also for his services as trustee and as attorney for himself as trustee. Credit in the sum of $300 was allowed for legal services furnished in conjunction with a suit by the Commonwealth against the estate. The balance of the claim was rejected because Henry H. Hanna, the executor, had mismanaged the estate by commingling the funds with his own. There was adequate evidence to support this finding. The allowance of compensation is discretionary with the trial court. Where a trust has been mismanaged, the court may deny compensation. Only where there has been a clear abuse of discretion, will the judgment of the trial court be reversed: *Lewis Estate*, 349 Pa. 455, 37 A. 2d 559; *Strickler Estate*, 354 Pa. 276, 47 A. 2d 134.

Appellant also claims credit of $975 for her services in filing the present account, and $975 for the services of her counsel. Both sums were reduced to $500 because duplicate sums will be received for services in conjunction with the companion estate of Martha Hanna, thereby making the total compensation to appellant and her counsel $1,000 each rather than $1,950. Appellant's contention is that such claims for services were fair and reasonable and, therefore, should have been allowed. In *Strickler Estate*, supra, this Court said (p. 277) : ". . . Fixing the amount of compensation is peculiarly within the discretion of the court below, which in most cases is better able to judge

as to the reasonableness of such charges than the appellate court. Unless such discretion is clearly abused the judgment of the court below will not be disturbed. . . ." We will not reverse or modify the decision of a court below as to the amount of compensation except where there appears a manifest abuse of discretion. The record indicates no such abuse.

Appellant further claims credit for $500 and $512 for alleged distributions to two of the remaindermen. There was conflicting evidence as to these alleged distributions. The auditing Judge found that the distributions had not been made, and this finding was approved by the court in banc. The finding is supported by the evidence and has the force and effect of a jury's verdict. It will not, therefore, be disturbed: *Boyd's Estate,* 315 Pa. 283, 172 A. 718; *Grenet's Estate,* 332 Pa. 111, 2 A. 2d 707; *Frank's Estate,* 339 Pa. 499, 15 A. 2d 353; *Harbison Estate,* 365 Pa. 468, 76 A. 2d 187; *Glesenkamp Will,* 378 Pa. 635, 107 A. 2d 731; *Blecher Estate,* 381 Pa. 138, 112 A. 2d 129.

In 1942, the Commonwealth of Pennsylvania sued Henry H. Hanna as trustee in a stock assessment case. In defending the trust, Henry H. Hanna filed an affidavit stating that the trust *res* had been completely distributed. The Commonwealth, however, recovered a judgment. The Court of Common Pleas of Westmoreland County, nevertheless, authorized a settlement on the ground that distribution had been completed except as to named worthless bank stock. Appellant contends that the compromise settlement is binding on the Orphans' Court on the question of whether final distribution was in fact made. This has no support in the law. It is not *res judicata* since neither the parties, property, nor issues are the same: *Wallace's Estate,* 316 Pa. 148, 174 A. 397. The affidavit relied upon is, of course, evidence of distribution,

but it was found by the trial Judge to have been offset by other evidence negating the alleged distribution. Such finding, approved by the court in banc, has the force and effect of a jury's verdict.

The decree is affirmed, at the cost of appellant.