## Binder Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*James Francis McCort*, for exceptant.

*W. Glenn George*, and *Harper, George, Buchanan & Driver*, contra.

LEFEVER, J., December 9, 1960.—Formal disapproval of the conduct of a lawyer is a duty which is always unpleasant for the court. However, unfortunately, it sometimes is necessary. A careful review of

the entire record compels us to decide that it is necessary in this case because the trustee, who also served as attorney for the estate, did not act properly and losses resulted.

It is a cardinal rule of law that a trustee in administering a trust must avoid conflicts of interest between himself and members of his family on the one hand and the beneficiaries of the trust on the other hand. In violation of this precept, the lawyer-trustee in this case was apparently motivated by desire for his own aggrandizement and the pecuniary benefit of his brother-in-law rather than the welfare of the beneficiaries of the trust and the faithful discharge of his duties as trustee.

Typical was the lawyer-trustee's position, vigorously asserted at the audit, that his personal secretary should be barred from testifying on the ground of confidential communications. This is contrary to established law of evidence. Moreover, it violates the basic requirement that he, as an officer of this court, make and permit full and frank disclosure to this court of his actions as trustee and as lawyer.

It is well settled that ". . . finding of fact by the auditing judge must be given the same effect as the verdict of a jury, . . .": Houston's Estate, 318 Pa. 300, 303. See Jacobs' Trust Estate, 320 Pa. 539, 544, Furthermore, the credibility of witnesses and the weight to be given their testimony is for the auditing judge, and his decision on these matters will be set aside for clear error only: Harbison Estate, 365 Pa. 468; Deal's Estate, 321 Pa. 484; Belmont Laboratories, Inc., v. Heist et al., 300 Pa. 542. Moreover, "When a hearing judge refuses to believe the testimony of a witness, his conclusion as to credibility will not be disturbed unless his acts are biased, capricious or unreasonable": Link's Estate (No. 1), 319 Pa. 513, 522.

These rules are here applicable. There was sharply conflicting testimony (1) as to the extent of the trustee-lawyer's services; and (2) as to the date upon which the agreement of sale for $65,000 was executed. The auditing judge saw, heard and observed the witnesses. He believed the objectants' evidence and disbelieved the testimony of the trustee-lawyer which he characterized as "inconsistent, vague and it conflicts with the accountant's own testimony and it is not believed."

Several illustrations confirm the soundness of the auditing judge's conclusions. (1) The trustee-lawyer either ante-dated the agreement of sale *after* receiving the higher offer, or he signed the contract for the sale of the major trust asset without receiving the stated 10 percent "down-money" or any other payment on account until seven or 12 days later. (2) On November 13, 1957, 9 days after he allegedly signed the agreement of sale for $65,000, the trustee-lawyer wrote counsel for the prospective buyer at $75,000 that "if and when this agreement is so corrected [to provide that a share of the commissions be paid to my brother-in-law, Philip O. Widing] . . . I shall sign it. Otherwise, I refuse." The agreement was not so changed and the lawyer-trustee did not sign it. (3) As trustee, he paid himself counsel fees in connection with trust litigation, referred by him to other counsel to handle. (4) He paid to the income beneficiary $6,-000 out of principal, without appointment of a guardian ad litem or other order of court, despite the possibility of the existence of contingent interests, and he acknowledged in his letter of April 8, 1957, to the beneficiaries "I could be criticised for advancing this $6,-000". (5) He failed to file a trustee's account until directed to do so by order of this court.

Allowance of compensation to a trustee and counsel fee to the attorney for the trustee are matters almost

exclusively within the discretion of the auditing judge. In the instant case the learned auditing judge disbelieved the testimony of the lawyer-trustee with regard to the extent and nature of the services rendered by him in his two capacities and decided that he had been allowed ample fees for his legal services by prior adjudication. Accordingly, he disallowed the attorney fee which trustee paid himself without court authorization in a manner which the auditing judge aptly characterized as "in effect using the trust estate as a personal drawing account." The auditing judge also refused to allow him compensation for serving as trustee because of his misconduct as trustee and lawyer. Refusal to allow compensation to the trustee for serving as trustee is ordinarily resorted to only in extreme cases. The auditing judge might well have been satisfied with his imposition of surcharge (a) for the net difference between the higher offer and the lower offer and (b) for the additional counsel fee which he paid himself and not refuse to allow trustee's compensation. However, this was a matter within the discretion of the auditing judge. Our review discloses no improper exercise of discretion.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.