## Christo Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Ostroff, Lawler & Baker*, for petitioner.

*Ivan Michaelson Czap*, for respondent.

KLEIN, P. J., April 30, 1965.—George S. Christo died on February 27, 1946, a resident of Philadelphia.

Letters of administration were granted on March 14, 1946, to his son, Alex G. Christo.

On December 24, 1964, a petition was filed by Isidor Ostroff, a member of the law firm of Ostroff, Lawler and Baker, in behalf of Anastasia Christo, a resident of Albania, alleged to be decedent's wife, asking that a citation be awarded, directed to Alex G. Christo, decedent's son, the administrator, to show cause why he should not file an account of his administration of the decedent's estate. Petitioner states that he "is authorized by virtue of his Power of Attorney to execute the petition on behalf of Alex G. Christo (sic)." He alleges further that "Since the United States does not have relations with Albania, it would create delay to have this petition executed by Anastasia Christo."

A responsive answer has been filed by the administrator in which he denies that Ostroff, Lawler and Baker are the attorneys for his mother. He alleges further that she has expressed no dissatisfaction with his "handling of the matter;" that she "has been informed regularly" and that she did not authorize nor desire the filing of the petition.

On April 23, 1965, petitioner filed a praecipe "for the fixing of a hearing date under the provisions of Orphans' Court Rule 32.2 (d) (1)," which provides:

"(1) ISSUES OF FACT. Issues of fact will not be heard on the Argument List. When an issue of fact is raised by the pleadings, any party may order the matter on the Motion List, and the court, in its discretion, will refer the matter to a master; to the Auditing Judge, if an account is to be filed; or to a Hearing Judge."

We are not disposed to make such an order.

There can be no doubt that ordinarily every executor or administrator must account for his stewardship. Section 701 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, which is based on sections 46

(a) and 49 (a) of the Act of June 7, 1917, P. L. 447, makes accounting mandatory. "The right to an accounting may, however be lost through negligence or after the lapse of a long period of time, on the ground of laches, the implication being that an accounting has been dispensed with by agreement.": Partridge-Remick, Pa. O. C. Practice, vol. 3, p. 10. See McGrann v. Allen, 291 Pa. 574 (1928); Henry's Estate, 198 Pa. 382 (1901); Kondraskas Estate, 78 D. & C. 204 (1951); Heasley's Estate No. 1, 23 D. & C. 653 (1935).

Nothing is contained in the petition before us which in any manner attempts to explain the delay of 18 years in instituting these proceedings.

We are in duty bound to approach all matters involving Albanian nationals with great caution. What we said in Soter Estate, 34 D. & C. 2d 1, 6 (1964), is still pertinent:

"Of all the European communist police states, Albania is governed by the harshest and most fanatical tyrant and its nationals are subjected to perhaps the greatest evils and excesses. The United States has no diplomatic relations with this country. Hence, it is almost impossible, literally, to learn the truth concerning what is happening to its citizens. In view of these circumstances, we should be derelict in our duty if we did not subject all transactions with this nation to the most careful scrutiny."

An examination of the petition filed by Mr. Ostroff reveals that it is defective in several respects.

Philadelphia Orphans' Court Rule 34.1 (b) provides:

"(b) SIGNATURE AND VERIFICATION. All pleadings shall be signed and verified by the parties. If this is impracticable, they may be signed and verified by someone familiar with the facts, in which case

the reason for the failure of the parties to do so shall be set forth."

We cannot accept Mr. Ostroff's explanation for the failure of the widow to sign the petition. Under the circumstances of this case, we will insist that the petition be executed by Anastasia Christo, personally. Mr. Ostroff, alleges that he "is authorized by virtue of his Power of Attorney to execute the petition on behalf of Alex G. Christo." This is obviously a careless mistake, as Alex G. Christo is the administrator against whom these proceedings are being brought. We assume that Mr. Ostroff is acting under a power of attorney allegedly given by Anastasia Christo. No copy of such a document is attached to the petition or can be found in the records of this court.

It is difficult to believe that the administrator's mother would institute these proceedings of her own free choice if she was made fully aware of her limited legal rights, as it is extremely unlikely that she could benefit in any manner by this action. Even if an account were to be filed by her son and awards made to her following an audit, it is most unlikely that she would receive the proceeds while residing in Albania by reason of section 737 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.737, as amended, which deals with awards to nonresident beneficiaries. In our opinion, these proceedings have all the earmarks of police state coercion. We, therefore, enter the following:

## DECREE

And now, April 30, 1965, the petition for citation to show cause why Alex G. Christo, administrator of the estate of George S. Christo, deceased, should not file an account of his administration of decedent's estate is dismissed, without prejudice.