## White *v.* Young, Appellant.

Argued October 4, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*David M. Harrison,* with him *Francis A. Barry, Edward S. Martin,* and *Harrison & Louik,* for appellant.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and *Zeman & Zeman,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 8, 1963:

On September 3, 1945, White, the appellee (lessor), leased an eighty-four acre tract of land to Young, the appellant (lessee), for the purpose of drilling and operating for petroleum, oil and gas. The lease was for a term of ten years, "and as much longer as [o]il or [g]as is found in paying quantities, or the hereinafter described rental is paid." As is customary with this type of lease, rental was to be based upon a fractional division of the amount of oil and gas produced, with the lessor to receive a one-eighth royalty from such oil and gas. Since the tract in question was farmland, the agreement provided that wells were to be located in such a manner as to least interfere with lessor's farming activities.

Lessee drilled a well on the premises which produced oil in paying quantities until June 1, 1955. At that time operations ceased and have not subsequently resumed. No royalties have been paid since June 28, 1955. In January, 1956, lessee removed the motor from the pump on the well and in September, 1957 lessee pulled the rods from the pump.

The tract is in demand for the erection of dwelling houses but because of the existence of the oil lease the lessor has been hampered in his attempts to sell parcels of land within the tract. After notifying the lessee in writing that the lease had been terminated, the lessor brought a complaint in equity predicated upon the theory that the lease had expired, by its terms, since no royalties had been paid for over three years and no oil had been found "in paying quantities". Lessor also contended in the alternative that the lessee had abandoned his leasehold interest. He prayed the court to decree that the lease be declared terminated; that the lessee be required to execute and deliver a surrender of the lease; and that the lessee be required to remove from the leased premises the remaining equipment and to plug the well. The lessor alleged that the presence of the equipment connected with the well, consisting of a tank, pump, jack, rods, pipes, etc., interfered with the lessor's use of the land for agricultural purposes.

Lessee filed preliminary objections stating that lessor had a complete and adequate remedy at law under Pa. R.C.P. 1061 and that equity was therefore without jurisdiction under the facts alleged. The lower court dismissed the preliminary objections whereupon the lessee appealed under the Act of March 5, 1925, P. L. 23, 12 P.S. §672 et seq. On allocatur to this Court from the Superior Court we dismissed the appeal because it did not raise at that time an appealable question under the aforesaid act. *White v. Young,*

402 Pa. 61, 166 A. 2d 663 (1960). Thereafter the case was tried and the court below held that the lessor was entitled to the relief requested. An appeal to this Court followed.

The issues confronting us are twofold: (1) Does equity have jurisdiction over this case?; (2) If it does, was the court below correct in finding that the lease had been terminated or that the leasehold interest had been abandoned? We conclude that the court below did have jurisdiction over the cause of action and properly found that the lease had expired.

Lessee contends that an adequate and complete remedy exists at law under Rule 1061 of the Rules of Civil Procedure.[1] The pertinent parts of the rule are as follows:

"ACTION TO QUIET TITLE

"Rule 1061. Conformity to Assumpsit. Scope.

"(a) Except as otherwise provided in this chapter, the procedure in the action to quiet title from the commencement to the entry of judgment shall be in accordance with the rules relating to the action of assumpsit.

"(b) The action may be brought . . . (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land; (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land . . ."

Since Rule 1061 is of comparatively recent vintage [2] "its lines and contours have not yet been sharply defined." *Versailles Township Authority v. McKeesport,*

---

[1] Lessee does not argue that an action of ejectment would be appropriate under the facts of this case.

[2] It was promulgated by this Court, effective January 1, 1947.

171 Pa. Superior Ct. 377, 383, 90 A. 2d 581, 584 (1952). The underlying purpose of the rule is to unify into one single procedure all of the diverse procedures by which clouds on title were formerly tried. 1 Goodrich-Amram §1061(b)-1. While this rule is to be given a liberal construction, as the commentary to the rule states "[i]t is only within the strict coverage of the definition of the action that a claim of consolidation of law and equity can be advanced." 1 Goodrich-Amram §1061(b)-5 at 32. Although the rule elaborates in detail the type of proceedings which it encompasses, it does not purport to cover those cases which require the grant of injunctive relief.

In the case before us it is obvious that the law side of the court could not issue an injunction requiring the lessee to remove the equipment and cap the well. Only a court sitting in equity can issue such an order. If equity did not accept jurisdiction over this cause of action, an unfortunate situation would ensue. The case would be referred to the law side where lessor's title would be adjudicated under Rule 1061. When lessor prevailed in that action,[3] he would then have to go to equity to obtain the above-mentioned relief. Certainly it was not the intendment of the rule that there be two suits where formerly there was one. Since the remedy at law is inadequate as to the part of the proceedings involving injunctive relief, a court of equity should take jurisdiction over the entire controversy in order to do complete justice and to avoid piecemeal litigation. Goodrich-Amram, supra; 3 Anderson Pa. Civ. Pract. 126 (1961 Supp.); *Sunshine Chapel v. Hohmann,* 16 Beaver 37 (Pa. 1954); *City of New Castle v. Lawrence County,* 63 Pa. D. & C. 363, 369 (1948). See also, *Schrader v. Heath,* 408 Pa. 79, 182 A. 2d 696 (1962).

---

[3] As the following part of this opinion will indicate.

Lessee also contends that he will be deprived of his right to a trial by jury if equity assumes jurisdiction. This argument is ill-founded since even if lessee tried the case on the law side he would not be entitled to a trial by jury under Rule 1061.[4] Although Rule 1061 (a) states that actions to quiet title "shall be in accordance with the rules relating to the action of assumpsit," this was intended to relate to pleadings and similar matters and was not meant to confer a trial by jury. Since there was no right to trial by jury under a bill of quia timet, Rule 1061 does not create such a right. The Procedural Rules Committee recognized the confusing nature of the above-quoted language and clarified it by adding a note to Rule 1061 stating that "No right to trial by jury is conferred by this rule."[5]

Turning to the merits of the controversy, we conclude that the lower court correctly found that the lease had terminated. The words used in the lease to denote its duration, i.e., ". . . as much longer as [o]il or [g]as is found in paying quantities, or the hereinafter described rental is paid," have a well settled meaning and application. *Cassell v. Crothers,* 193 Pa. 359, 44 Atl. 446 (1899). Cf. *Clark v. Wright,* 311 Pa. 69, 166 Atl. 775 (1933). Here, the facts are uncontroverted that neither oil nor gas was found in paying quantities, nor royalties paid for over three years after the expiration of the fixed ten-year period of the lease. The sole reason the lessor entered into this lease was to receive

---

[4] Even if an action of ejectment would be appropriate, the lessee would not be deprived of a jury trial since the court below stated that "if an action of ejectment were instituted, the Court would be required to direct a verdict for the plaintiff".

[5] Pa. R.C.P. 1061, Note of the Procedural Rules Committee added March 14, 1962. See also, Goodrich-Amram, Commentary to R. 1061 (Supp. 1962). It should be noted that there is no problem of applying this Note retroactively since it did not change the law in any respect but merely clarified it.

royalties. It would be inequitable to encumber the land of the lessor indefinitely because of the faint hope that oil or gas might be extractable sometime in the future. Under these circumstances it has been held that the lease is treated like a tenancy at will which is terminable by either party. *Cassell v. Crothers,* supra.

When the lessor notified the lessee in writing of his intent to terminate the lessee's oil and gas rights this terminated the tenancy at will. In view of our affirmance on this ground we will not consider the question of whether the leasehold interest had been abandoned.

Decree affirmed.