487 A.2d 864

George J. ROSKWITALSKI and Helen Roskwitalski, His Wife

v.

Peter Wheeler REISS and William C. Mickle Trustees of The Armella B. Demmler Trust As Substituted Defendants For Defendant Armella B. Demmler Widow Now Deceased and Robert F. Skultety.

Appeal of George J. ROSKWITALSKI and Helen Roskwitalski, His Wife at No. 164 Pittsburgh, 1983.

Appeal of Robert F. SKULTETY at No. 174 Pittsburgh, 1983.

Superior Court of Pennsylvania.

Argued Aug. 28, 1984.

Filed Jan. 11, 1985.

John B. Nicklas, Jr., Pittsburgh, for appellants (at 164) and for appellees (at 174).

Louis C. Long, Pittsburgh, for appellants (at 174) and for appellees (at 164).

Before ROWLEY, JOHNSON and HESTER, JJ.

JOHNSON, Judge:

George J. and Helen Roskwitalski (Appellants at No. 164 Pittsburgh, 1983) filed a quiet title action in 1975 alleging

that they were equitable owners of real estate situated in Ross Township, Allegheny County and formerly owned by Armella B. Demmler. A July 1, 1976 order of the trial court decreed that the Roskwitalskis were equitable owners of the disputed property, but the trial court's order of July 1, 1976 was reversed by this court in *Roskwitalski v. Reiss*, 266 Pa.Super. 29, 402 A.2d 1061 (1979) (*Roskwitalski I*).

Briefly by way of factual background, Mrs. Demmler, an Arizona resident, entered into a listing agreement dated May 1, 1975 with a real estate agent named George W. Jones concerning the Ross Township property. The listing agreement contained the following language:

[T]he undersigned hereby gives you the sole and exclusive right to sell said property ... for the sum of Thirty-two Thousand Five Hundred Dollars on the following terms: Cash $ All, if possible.

(R. at 7a).

On May 2, 1975 the Roskwitalskis executed a proposed sales agreement witnessed by Jones which called for the property to be sold for $32,500. (R. at 8a, 9a). Several days later, on May 7, 1975 Robert F. Skultety[1] (Appellant at No. 174 Pittsburgh, 1983) also executed a proposed sales agreement witnessed by Jones calling for the sale of the property presently in dispute for $40,000. Both proposed sales agreements were then mailed by Jones to Mrs. Demmler who signed only the agreement executed by Skultety.

The Roskwitalskis filed a quiet title action against Mrs. Demmler and Skultety seeking to establish title in the disputed property based on the May 2, 1975 alleged sales agreement. Skultety counterclaimed praying for (1) judgment in his favor, (2) recognition by the trial court of his right, title and interest in the property, and (3) the declaration that all other claims to the property are null and void.

---

1. Robert F. Skultety is identified as Robert E. Skultety on the May 7, 1975 Agreement of Sale (R. 11a, 12a). *See also* Answer, New Matter and Counterclaim of Defendant, Robert E. Skultety filed 12/2/75.

The trial court in its July 1, 1976 order concluded that the Roskwitalskis were the equitable owners and that the legal owners were Mrs. Demmler's trustees who were substituted as defendants following Mrs. Demmler's death.

On appeal this court in *Roskwitalski I* held that (1) Jones did not have authority to enter into a contract for the sale of Mrs. Demmler's property since the complete terms for purchase were not stated in the totality of communications between Jones and Mrs. Demmler, that (2) Jones signed the Roskwitalskis' proposed sales agreement only as a witness to the Roskwitalskis' signatures, and that (3) Jones had no apparent authority to execute a contract for sale on behalf of Mrs. Demmler. The order of the trial court was reversed and the case was then remanded to the trial court for further proceedings not inconsistent with the conclusions of this court.

Thereafter Skultety moved for summary judgment. Skultety's Motion for Summary Judgment alleged and the Roskwitalskis' responsive pleading admitted that, on June 26, 1980 while the appeal in *Roskwitalski I* was pending, the Demmler trustees executed and delivered a deed of the disputed property to the Roskwitalskis and that the deed was recorded in the office of the Recorder of Allegheny County at Deed Book Volume 5971, page 109. (R. at 52a; Affidavit of the Roskwitalskis in Opposition to Motion for Summary Judgment filed June 4, 1980). This motion was denied by the trial court and a hearing was finally held on August 23, 1982 to receive additional evidence. However, neither party presented evidence at that time.

On September 9, 1982 the trial court entered an order quieting legal title in the Roskwitalskis and equitable title in Skultety. (R. at 16a). Both parties filed exceptions to the trial court's decree nisi. These exceptions were dismissed and on January 7, 1983 the trial court filed its final decree which prompted these cross appeals.

On this appeal, the Roskwitalskis initially argue that they should be equitable owners of the disputed property because the receipt by Mrs. Demmler of the sales agreement

signed by the Roskwitalskis constituted a legally binding oral agreement. The Roskwitalskis also claim that Skultety had no standing to raise the Statute of Frauds as a defense, and that in the absence of a supersedeas, the Demmler trustees did nothing improper when they executed and delivered a deed of the property to the Roskwitalskis while an appeal was pending in *Roskwitalski I.* Finally it is argued that Pennsylvania courts have no jurisdiction to award specific performance to Skultety in a quiet title action.

Skultety takes the position that the trial court properly applied the law of the case doctrine in denying the Roskwitalskis' exceptions, but erred in holding that the Roskwitalskis had acquired legal title to the disputed property since there was no competent evidence to support this conclusion. Skultety also argues that the trial court erred in not ordering specific performance of the Skultety agreement of sale.

For the following reasons we find the arguments advanced by the Roskwitalskis to be without merit. On Skultety's cross-appeal we conclude that the claims of the Roskwitalskis to the disputed property should be declared invalid and further that the Demmler trustees should be directed to convey good title to Skultety in accordance with the May 7, 1975 sales agreement.

■ The arguments which the Roskwitalskis raise on appeal are not convincing. We agree with the trial court that these issues are within the parameters of *Roskwitalski I,* and thus covered by *res judicata* or the law of the case doctrine. Under this doctrine a trial court must strictly comply with the mandate of the appellate court and issues decided by an appellate court on a prior appeal will not be reconsidered on a second appeal. *Commonwealth v. Tick,* 431 Pa. 420, 246 A.2d 424 (1968); *Albright v. Wella Corp.,* 240 Pa.Super. 563, 359 A.2d 460 (1976).

■ In *Roskwitalski I,* we concluded that Jones, the real estate agent, had no authority to sell the Demmler property

under the listing agreement since complete terms for the purchase of the property were not stated in the "totality of communications between the principal and the broker." *Id.,* 266 Pa.Super. at 35, 402 A.2d at 1065. This listing agreement, which the Roskwitalskis now claim constituted an offer to sell the Ross Township property, was not a general solicitation, but rather an apparent agreement between the seller and a single real estate broker which did not even give Jones apparent authority to sell. At best this listing agreement gave Jones authority to seek potential buyers. Even if the listing agreement were considered to be directed towards the general public, it could only be viewed as an invitation to bid and not an offer. *In Re Hanna's Estate,* 383 Pa. 196, 117 A.2d 730 (1955).

Since the listing agreement at best is no more than an invitation to bid, the Sales Agreement form signed by the Roskwitalskis is not an acceptance of an offer by Mrs. Demmler, but merely an offer which Mrs. Demmler never accepted. Because no oral agreement ever existed between the Roskwitalskis and Mrs. Demmler, we need not address the question of whether Skultety had standing to raise the Statute of Frauds.

■ The final argument raised by the Roskwitalskis is that Skultety cannot complain of the transfer of the Ross Township property to the Roskwitalskis since Skultety failed to apply to this court for a supersedeas. This contention is completely without merit. While it may be true that no judicial order prohibited transfer of the disputed property while appeals were still pending, any transfer made during the pendency of appeals was made subject to a final disposition of the case. *Cf.* Pa.R.A.P. 1701. It would be an anomalous situation if a party to a pending appeal could take actions which irrevocably affected the status quo, when the trial court's authority to act once an appeal is filed is extremely limited.

We now turn to the issues raised by Skultety in his cross-appeal. Skultety claims that the trial court erred in failing to declare the Roskwitalskis' claims invalid, and in

not ordering specific performance of Skultety's agreement of sale.

■ The trial court concluded that it did not have the power to order the remedy of specific performance in a quiet title action. We disagree. The procedural rules governing actions to quiet title grant courts broad powers which include the power to order specific performance.

Pa.R.C.P. 1061(b)(3) states that an action to quiet title may be brought:

> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land...

Our supreme court in *White v. Young*, 409 Pa. 562, 566, 186 A.2d 919, 921 (1963) recognized that "(t)he underlying purpose of [Rule 1061] is to unify into one single procedure all the diverse procedures by which clouds on title were formally tried."

The court in *Young* was faced with a quiet title action where a lessor was seeking to have the lease in question declared terminated and to have the trial court enter an order requiring the removal of drilling equipment on the premises. The trial court found that the lessor was entitled to the relief requested. On appeal the trial court's jurisdiction to order equitable relief was questioned, but, in explaining the rationale for affirming the trial court's decision, Justice Cohen stated:

> If equity did not accept jurisdiction over this cause of action, an unfortunate situation would ensue. The case would be referred to the law side where lessor's title would be adjudicated under Rule 1061. When lessor prevailed in that action, he would then have to go to equity to obtain the above-mentioned relief. Certainly it was not the intendment of the rule that there be two suits where formerly there was one. Since the remedy at law is inadequate as to the part of the proceedings involving injunctive relief, a court of equity should take jurisdiction

over the entire controversy in order to do complete justice and to avoid piecemeal litigation.

*Id.*, 409 Pa. at 566, 186 A.2d at 920, 921 (footnote omitted).

Pa.R.C.P. 1066 sets forth the type of relief that trial courts can grant in quiet title actions. Subsections (3) and (4) of Rule 1066 indicate that upon granting relief to the plaintiff, the trial court:

(3) shall enter a final judgment ordering the defendant, the prothonotary, or the recorder of deeds to file, record, cancel, surrender or satisfy of record, as the case may be, any plan, document, obligation or deed determined to be valid, invalid, satisfied or discharged, and to execute and deliver any document, obligation or deed necessary to make the decree effective; or

(4) shall enter any other order necessary for the granting of proper relief.

Neither the trial court in its opinion nor the Roskwitalskis in their briefs to this court discuss *White v. Young, supra,* or cite any case law to support the trial court's conclusion that the remedy of specific performance is not permitted in a quiet title action. We hold that the broad language of Rules 1061 and 1066, taken together, authorize trial courts to grant the remedy of specific performance where appropriate. While Rule 1066(b) speaks of "granting relief to the plaintiff", this rule also applies to other parties such as defendants who may assert a counterclaim against the plaintiff.

Having determined that the remedy of specific performance can be appropriate in quiet title actions, we now focus on whether the trial court abused its discretion in not granting Skultety this remedy. In light of our earlier decision in *Roskwitalski I,* and in light of the fact that no evidence was presented by the parties following remand, we believe that the trial court should have granted Skultety the relief which he requested.

The argument by the Roskwitalskis that the trial court has no jurisdiction to order the Demmler trustees to

deliver a deed to Skultety is not persuasive since the trial court has *in personam* jurisdiction over the Demmler trustees. On November 26, 1975 the Demmler trustees responded to the Roskwitalskis' complaint by filing an answer. Because that responsive pleading did not raise the defense of lack of *in personam* jurisdiction, the Demmler trustees voluntarily submitted themselves to the jurisdiction of the trial court. Preliminary objections are the exclusive means by which to raise the question of *in personam* jurisdiction and the failure to so raise the question of personal jurisdiction constitutes a waiver of that defense. Pa.R.C.P. 1032. *See also Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A.2d 252 (1965); *Com. ex rel. Cook v. Cook*, 303 Pa.Super. 61, 449 A.2d 577 (1982).

The Roskwitalskis cite *Conley Corp. v. Reiter*, 413 Pa. 213, 196 A.2d 300 (1964) and *Atlantic Seaboard Natural Gas Co. v. Whitten*, 315 Pa. 529, 173 A. 305 (1934) to support their position that the trial court lacked *in personam* jurisdiction over the Demmler trustees. These cases are easily distinguishable from the instant case, however, since the court's *in personam* jurisdiction in both cases was immediately disputed by the nonresident party. Here the Demmler trustees waived any possible objection when they filed an answer on November 26, 1975 rather than preliminary objections. Neither the Demmler trustees nor any other party can now challenge the trial court's *in personam* jurisdiction.

■ We do agree with the Roskwitalskis, however, that the trial court properly considered evidence of the transfer of the Ross Township property to the Roskwitalskis. This conveyance was before the court when the request for summary judgment was denied in its December 12, 1980 order and it was appropriate for the trial court in its Opinion and order filed January 7, 1983 to consider the uncontested facts of the June 26, 1978 conveyance.

The order of the trial court filed on January 7, 1983 is affirmed insofar as it dismisses the exceptions filed by the Roskwitalskis. That portion of the order filed on January

7, 1983 which dismisses the exceptions of Skultety is reversed. This case is remanded with directions to (1) declare the deed filed June 26, 1980 at Deed Book Volume 5971, at page 109, invalid, (2) order the Recorder of Deeds of Allegheny County to cancel the deed of record, and (3) order the Demmler trustees or, upon their refusal or inability, the Prothonotary to execute and deliver a deed for the subject property to Robert F. Skultety in accordance with the May 7, 1975 sales agreement. Jurisdiction is relinquished.