**In re Paul E. CRABB and Joan E. Crabb, d/b/a "The Gallery" Debtors.**

**Bankruptcy No. 83–1384–L.**

United States Bankruptcy Court, D. Massachusetts.

April 3, 1985.

Michael S. Kalis, Dedham, Mass., for debtor, Paul E. Crabb.

Brian G. Killian, Sherin and Lodgen, Boston, Mass., for SSC Corp.

Gerrard F. Kelley, Boston, Mass., U.S. Trustee.

## MEMORANDUM DECISION ON DEBTORS' MOTION FOR AUTHORITY TO ASSUME EXECUTORY CONTRACT

THOMAS W. LAWLESS, Chief Judge.

The debtors have moved this court for authority to assume a lease entered into with SSC Corporation. SSC Corporation objected to the motion arguing that because the debtors failed to timely exercise an option to extend the lease there is no executory contract or unexpired lease to assume.

### FACTS

The facts are basically undisputed and are as follows. The debtors filed a Chapter 11 petition on October 5, 1983. On April 16, 1982, SSC Corporation ("SSC" or "landlord") and the debtor, Paul S. Crabb ("lessee") had entered into a lease for premises located in North Attleboro, Massachusetts for a term expiring on May 31, 1984 ("lease"). Provided the lease was not in default, the lessee was granted an option to extend the lease term for an additional two years by giving written notice to SSC of his intent to do so by December 1, 1983. The lessee failed to timely exercise this option. Instead, by letter dated July 16, 1984, the lessee notified SSC that he intended to exercise the option. This was over seven months after the option had lapsed and over one month after the lease had expired by its terms. The lease also granted the lessee an option to purchase the premises at any time up to January 31, 1984. This option, too, was never timely exercised.

While in possession, the lessee expended over $100,000 to improve the premises. At the time the debtors' motion was argued, approximately $10,000 in post-petition use and occupancy charges remained unpaid. In addition, there is money due and owing for pre-petition rent. The debtors claim they stand ready to cure, by prompt payment, any and all post-petition arrearage and are prepared to satisfy SSC's concern as to future performance. The debtors further argue that they are in a position to propose a Chapter 11 plan of reorganiza-

tion but a necessary prerequisite for same is the existence and viability of the lease.

## DISCUSSION

Section 365(a) of the Bankruptcy Code ("Code") permits a trustee or debtor in possession (who has the same rights as a trustee under 11 U.S.C. § 1107) to assume "any ... unexpired lease of the debtor." Landlord argues, however, that the lease in question is not "unexpired." Rather, due to lessee's failure to timely exercise the option to extend, the lease expired by its own terms on May 31, 1984. I agree.

■■■ It is a well-settled principle of bankruptcy law that once a lease is terminated, there is nothing for a debtor in possession to assume. *In Re Maxwell*, 40 B.R. 231, 236–37 (N.D.Ill.1984); *In re Players' Pub, Inc.*, 45 B.R. 387, 394 (Bankr.D. Mass.1985). Although there is no question that lessee had an assumable interest in the lease as of the date of filing, this interest expired pursuant to the terms of the lease on May 31, 1984. *In re Nashville White Trucks, Inc.*, 5 B.R. 112, 116 (Bankr. M.D.Tenn.1980) ("a contract may be assumed subject to all its limitations, one of which is obviously the expiration date.").

■■■ Nor did the intervening filing of a petition for relief give the lessee a right to extend the contract beyond its original terms. *In re Intermet Realty Partnership*, 26 B.R. 383, 388 (Bankr.E.D.Pa.1983) (filing of petition for reorganization does not expand rights of debtor under option agreement). "The Bankruptcy Code neither enlarges the rights of a debtor under a contract, nor prevents the termination of a contract by its own terms." *In re Advent Corp.*, 24 B.R. 612, 614 (1st Cir.B.A.P. 1982). *See also In re Anne Cara Oil Co., Inc.*, 32 B.R. 643, 647 (Bankr.D.Mass.1983) ("The bankruptcy court cannot create an interest for the debtor where none exists"). Thus, the filing of the within petition did not stay the running of the option period.

The Court finds support for its position in the case of *In re Intermet Realty Partnership, supra.* In that case, the debtor was assigned rights in two option contracts which terminated automatically if payment were not made by a certain date. The debtor filed its Chapter 11 petition five days before the termination date. The debtor then moved to assume the contracts pursuant to § 365, arguing that this section had operated to extend the terms of the agreement. The court disagreed, holding that "... the Court finds the agreement to have expired [on the termination date]. There is no interest which could be termed an executory contract and assumed by the debtor." *Id.* at 388. Similarly, in *In re Good Hope Refineries, Inc.*, 602 F.2d 998 (1st Cir.1979), *cert. denied,* 444 U.S. 992, 100 S.Ct. 523, 62 L.Ed.2d 421 (1979), the court held that options held by the debtor could not be resurrected by a bankruptcy court once they had expired by their own terms. *See, e.g. In re Continental Properties,* 15 B.R. 732 (Bankr.D.Haw.1981) (where contract to sell hotel permitted buyer to purchase until a certain date and debtor filed chapter 11 petition on the expiration date, the court found the agreement had terminated and all rights under it were extinguished); *In re Beck,* 5 B.R. 169, 170 (Bankr.D.Haw.1980) (license agreement terminated post-petition; neither § 362 nor § 365 provided extension).

■■■ Lessee argues that 11 U.S.C. § 362(a) automatically stayed the expiration of the option period. The automatic stay provisions of § 362 have no effect on the running of the option. This section applies to judicial and quasi-judicial proceedings to "recover a claim against the debtor" or enforce a pre-petition "judgment against the debtor" or similar acts. Section 362 does not stop the clock on the provisions of contractual agreements. *See Players Pub, supra,* at 392–93; *Bank of the Commonwealth v. Bevan,* 13 B.R. 989, 993 (E.D.Mich.1981) ("§ 362(a) ... does not effect the running of specific time periods..."); *In re Markee,* 31 B.R. 429, 431 (Bankr.D.Idaho 1983) ("[S]ection [362(a)] enjoins acts taken by creditors; it does not concern the tolling of time.").

Lessee further argues that because the option period lapsed post-petition, the time within which the renewal option could be exercised was automatically extended by 11 U.S.C. § 108(b). Authority is divided on the issue of whether an expired option is subject to § 108(b). *See In re Good Hope Refineries, Inc. v. Benevides, supra* (an expired option is not a contractual default and therefore not subject to § 108(b); *In re Santa Fe Dev. and Mortgage Corp.,* 16 B.R. 165 (B.A.P. 9th Cir.1981) (majority applied § 108 to allow the debtor 60 days to assume a land purchase agreement). However, it is unnecessary in the instant case to reach this issue. Section 108, if applicable, would have given lessee the right to exercise the option to renew by the later of: (i) the time provided in the lease, December 1, 1983, or (ii) 60 days after entrance of the order of relief, *e.g.,* December 4, 1983. Lessee attempted to exercise the option by letter dated July 16, 1984, by which time any grace period granted by § 108 had long expired.

■ Lessee's appeal to equity does not lead me to reach a different result. It is well established that equitable considerations do not play a part where a lease has been validly terminated. "Courts will not revive a terminated lease simply because of the lease's importance to the reorganization efforts." *In re Maxwell, supra,* at 238; *Players' Pub, supra* at 394; *In re Fidelity American Mortgage Co.,* 19 B.R. 568, 573 (Bankr.E.D.Pa.1982); *In re Intermet Realty Partnership, supra* at 388.

Accordingly, the relief requested by the debtor must be denied and the automatic stay imposed by Section 362 of the Code lifted to enable SSC to regain possession of the premises. Because the lease provided that lessee's equipment and fixtures were the property of the lessee and lessee is entitled to remove them, lessee is given 3 weeks from the date of this Order to remain upon the premises in order to effect the removal of said fixtures and equipment.

See attached Order.

## ORDER

In accordance with the above, the relief requested in the debtor's motion for authority to assume executory contract is DENIED. Debtor is given 3 weeks to vacate the premises.