**In re CHAUTAUQUA CAPITAL CORPORATION d/b/a Sigma Energy Resources, Debtor.**

**L. Eugene SANDEN, Glenn C. Sanden and Harvey E. Sanden, Movants,**

**v.**

**CHAUTAUQUA CAPITAL CORPORATION d/b/a Sigma Energy Resources and Gary V. Skiba, Trustee, Respondents.**

**L. Eugene SANDEN, Glenn C. Sanden and Harvey E. Sanden, Movants,**

**v.**

**CHAUTAUQUA CAPITAL CORPORATION d/b/a Sigma Energy Resources and Gary V. Skiba, Trustee, Respondents.**

**Kevin M. MEYER and Kimberly Meyer, Movants,**

**v.**

**CHAUTAUQUA CAPITAL CORPORATION d/b/a Sigma Energy Resources and Gary V. Skiba, Trustee, Respondents.**

**Bankruptcy No. 88–00541E. Motion Nos. 91–0072, 91–786, 91–691 and 91–1367.**

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 21, 1992.

Gary V. Skiba, Erie, Pa., Trustee.

Thomas V. Myers, Erie, Pa., for L. Eugene Sanden, Glenn C. Sanden, Harvey E. Sanden, Kevin M. Meyer and Kimberly Meyer.

Arthur J. Stewart, Warren, Pa., for Curtis Well Service.

Guy C. Fustine, Erie, Pa., for Bradford Pipe & Supply.

Robert L. Sanders, Bradford, Pa., for Producers Bank.

Timothy R. Bevavino, Warren, Pa., for Deehill Partnership, Almazza Holding Corp., and George Hillyer.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Background

Chautauqua Capital Corporation d/b/a Sigma Energy Resources ("Debtor") filed its Petition under Chapter 11 of the Bankruptcy Code on November 9, 1988. The case was converted to a proceeding under Chapter 7 on December 11, 1989. Gary V. Skiba, Esq. ("Trustee") is serving as substitute Trustee.

The matters now before the Court arise from a Motion to Sell the Debtor's assets to Sugar Grove Processing. Several parties object to the proposed sale.

Curtis Well Service and Bradford Pipe & Supply assert that the property to be sold is not sufficiently described. They further assert that Producers Bank has no lien on the Debtor's equipment and that the Bank is not entitled to the proceeds from the sale of such equipment.

L. Eugene Sanden, Glenn C. Sanden and Harvey E. Sanden (the "Sandens") assert that they are the rightful owners of the lease of oil, gas and minerals, which the Trustee proposes to sell. The Sandens have filed further Motions requesting a determination that the lease is not property of the estate and a Motion for Relief from Stay to proceed to terminate the lease.

Kevin M. Meyer and Kimberly Meyer (the "Meyers") have also filed a Motion for Relief from Stay requesting an order which will permit them to terminate a separate oil and gas lease covering their property which the Trustee also asserts is property of the estate.

By separate Opinion and Order at Motion No. 91–2990, we determined that Producers Bank has no valid lien on the Debtor's equipment.

The Trustee asserts that the Sandens and Meyers' leases are property of the estate which the Trustee may sell, and that the leases remain in full force and effect.

Deehill Partnership ("Deehill") and Almazza Holding Corp. ("Almazza") support the Trustee's position. The interest of Deehill and Almazza arises from their 80% working interest in the Sanden oil and gas lease which they acquired during the pendency of this case. Deehill and Almazza further assert that the Sandens should be required to account for all revenue derived by them from the operation of the lease during the pendency of this case.

Upon review of the record, we find that the material facts are not in dispute and that this matter is ripe for decision.

### Issues

1. Whether the Trustee has an interest in the Debtor's oil and gas leases.

2. Whether the Trustee has an interest in the Debtor's equipment located on the leased premises.

### Facts

Debtor is the assignee of two oil and gas leases on property in Warren County, Pennsylvania, one on property owned by the Sandens, the other on property owned by the Meyers.

The Sanden lease is dated July 6, 1962 and was assigned to the Debtor in 1984.

The term of the lease is stated as follows:

TO HAVE AND TO HOLD said premises for the term of one year from the date

1. This Opinion constitutes this Court's findings of fact and conclusions of law.

hereof, and so long thereafter as oil or gas is produced in paying quantities and the covenants and conditions hereafter contained by the Lessee kept and performed yielding and paying therefor a royalty of ⅛ of all of the oil produced and saved from said premises, the same to be delivered to the credit of the Lessors in tanks or pipe lines, free of charge; and also ⅛ of the gross proceeds from the sale of gas sold off the premises, the same to be paid monthly by the Lessee to the Lessors.

The Sanden property was last under production in August, 1988 and the Sandens received their last royalty check in September, 1988.

The Meyer lease is dated December 23, 1981 and was assigned to the Debtor in 1985. The term of the lease is stated as follows:

7. Term. This lease shall be in force for a primary term of one (1) year from the date hereof and as long thereafter as oil and/or gas or other liquid or gaseous hydrocarbons are produced in paying quantities; provided, however, that the Lessee may at any time hereafter upon payment of all rentals then due surrender this lease as to all or any parts of the leased premises by having a surrender thereof recorded and thereafter this lease shall become null and void as to the lands with respect to which a surrender is made.

Even though this lease would otherwise terminate by reason of the expiration of the primary term or after the primary term by reason of the cessation of production or use for gas storage or the abandonment of a shut-in gas well, it shall nevertheless remain in force as long as operations are prosecuted with no cessation of more than sixty (60) consecutive days, and if they result in production or a shut-in gas well or use for gas storage as long thereafter as oil, gas or other liquid or gaseous hydrocarbons are produced in paying quantities or there is a shut-in gas well on the premises or the premises are used for gas storage.

The Meyers assert that over two years have passed without any operation or production under the lease. The Trustee admits that over 60 days have passed without operation or production.

The Sandens make several arguments:

1) A final Order entered in a Quiet Title Action instituted by the Sandens in Warren County after the Debtor filed for bankruptcy is valid and vests title in the Sandens;

2) The agreement is a lease which terminated by its terms or as a result of the Trustee's failure to assume the lease in accordance with 11 U.S.C. § 365;

3) If the agreement transferred a fee estate, it did so subject to a reversionary interest which reverted to the Sandens upon the Debtor's default; and

4) Interests of the Debtor under leases of nonresidential real property that expired before or during a bankruptcy case are not property of the estate.

The Meyers assert that their lease has expired under its own terms and that if a tenancy exists, it is a tenancy at will which may be unilaterally terminated.

The Trustee asserts that the oil and gas leases in question do not terminate automatically; that the Lessors are required to take affirmative action to terminate the agreements; that the Quiet Title Action by the Sandens was in violation of the automatic stay of 11 U.S.C. § 362 and is void; and that the agreements transfer a freehold estate which the Trustee is not required to assume under § 365.

In our view, it makes no difference whether the agreements are considered leases or the conveyance of a fee interest. In either event, the duration of the agreements is capable of determination.

█ The term of the Sanden lease ended when the Debtor ceased production in August, 1988. The term of the Meyer lease ended after production ceased for a period of 60 days. Under Pennsylvania law, once the agreements expired by their terms, the lessee is a tenant at will. *Clark v. Wright*, 311 Pa. 69, 166 A. 775 (1933); *White v. Young*, 409 Pa. 562, 186 A.2d 919

(1963); and *Derrickheim Company v. Brown*, 305 Pa.Super. 173, 451 A.2d 477 (1982).

Such agreements may be terminated by either party upon notice being given. *Brown v. Haight*, 435 Pa. 12, 255 A.2d 508 (1969); *White v. Young, supra;* and *Derrickheim Company v. Brown, supra.*

 The automatic stay provided by § 362 does not prevent a contract, agreement or lease from expiring according to its terms post-bankruptcy. *In re Trigg,* 630 F.2d 1370 (10th Cir.1980); *In re Schokbeton Industries, Inc.,* 466 F.2d 171 (5th Cir.1972); *In re West Pine Construction Co.,* 80 B.R. 315 (Bankr.E.D.Pa.1987); *In re Crabb,* 48 B.R. 165 (Bankr.D.Mass. 1985).

Thus, under the terms of the leases and Pennsylvania law, both the Sandens and the Meyers' leases have expired by their terms. The Bankruptcy Code offers no basis for extending the leases beyond their stated termination dates, except that the automatic stay of § 362 requires that relief from such stay be obtained before a lessor may take action with respect to a debtor's rights in the property. The Trustee is a tenant at will. The Lessors have expressed a desire to terminate the leases. Relief from stay will be granted to enable the lessors to serve notice of termination and to regain the premises. We note that the Quiet Title Action by the Sandens in Warren County was not an effective termination as such action was commenced in violation of the automatic stay and is void. We will not exercise our discretion, if it exists, to retroactively condone this violation.

Since the purported termination of the Agreement by the action to quiet title is void, the Debtors and thus the Trustee maintain an interest in the leases until termination. The Lessors are therefore required to account to the Trustee and turn over any profits derived from the operation of the Debtor's wells until the agreements are effectively terminated.

The Trustee is also entitled to recover any equipment on the Sanden and Meyers' properties which is property of the Debtor in accordance with the terms of the agreements.

It appears, though we render no decision at this time, that the Trustee's recovery of such equipment, is subject to the interests of Deehill and Almazza. The Trustee and Deehill and Almazza must review the appropriate documentation to make such a determination. If unresolved, a further Motion may be filed.

The Trustee's Motion for Sale, having included assets which are not property of the estate available for sale will be denied.

An appropriate Order will be entered.